**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EUGENE CIRAOLO, : | **Hon. Renée Marie Bumb** |
| Petitioner, : | Civil No. 10-1282 (RMB) |
| v. : |  |
|  : | **OPINION** |
| BUREAU OF PRISONS, et al., : |  |
| Respondents. : |  |

**APPEARANCES:**

    RICHARD COUGHLIN, FEDERAL PUBLIC DEFENDER
    800-840 Cooper Street, Suite 350
    Camden, NJ  08102
    Attorney for Petitioner

    KAREN HELENE SHELTON, ASSISTANT UNITED STATES ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    402 East State Street – Suite 430
    Trenton, New Jersey  08608
    Attorney for Respondents

**BUMB**, District Judge

Petitioner Eugene Ciraolo, an inmate at FCI Fort Dix in New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  The BOP filed an Answer seeking dismissal of the Petition, together with two declarations and several exhibits.  Petitioner filed a Reply, arguing that he is entitled to prior custody credit for the 572-day period from July 11, 2007 (state arrest date), through February 1, 2009 (day before commencement of federal sentence).

By way of the Supplemental Answer, Respondents advised this Court that the BOP recalculated Petitioner's sentence by giving him 284 days of prior custody credit from April 24, 2008 (date of imposition of federal sentence), through February 1, 2009 (day prior to release from state custody). In light of this recalculation and for the reasons set forth in this Opinion, this Court will dismiss the Petition.

## I.  BACKGROUND

Since the BOP has now credited Petitioner for the 284 days (April 24, 2008, through February 1, 2009) that was not credited against his 288-day Pennsylvania sentence, the only question is whether the BOP abused its discretion in denying Petitioner's request to *nunc pro tunc* designate the Pennsylvania facility as the place of incarceration during the 288 days from July 11, 2007 (date of state arrest), through April 23, 2008 (day before imposition of federal sentence).

Petitioner was arrested by federal authorities on August 18, 2006, for cocaine possession and released on bond the same day. On July 11, 2007, Pennsylvania police arrested him on unrelated Pennsylvania charges. On August 7, 2007, the United States filed a motion in the United States District Court for the Middle District of Pennsylvania to revoke bail and to issue an arrest warrant because there was probable cause to believe Petitioner committed a new crime on July 11, 2007. See United States v.

Ciraolo, Crim. No. 06-0300 motion (M.D. Pa. Aug. 7, 2007). On December 19, 2007, the state turned Ciraolo over to the U.S. Marshal pursuant to a writ of habeas corpus ad prosequendum, and on April 24, 2008, Judge Vanaskie sentenced Petitioner to a term of 70 months. On May 5, 2008, federal officials returned him to a state facility and lodged a detainer.

On November 7, 2008, Petitioner entered a guilty plea before the Pennsylvania Court of Common Pleas; the Pennsylvania judge entered an order reducing bail to the sum of $1.00; and Petitioner was remanded to the Monroe County Correctional Facility in lieu of bail. (Dkt. 6-2 at 24.) On February 2, 2009, the Pennsylvania Court sentenced Petitioner to a term of 288 days to 630 days, to run concurrently to the federal sentence, credited him with 288 days (from July 11, 2007, through April 23, 2008), and released him on parole effective April 24, 2008. See State v. Ciraolo, Crim. No. CP-45-CR-0000973-2007 order (Pa. Ct. of Common Pleas, Feb. 2, 2009) (Dkt. 6-2 at 25, 27-28); Letter from Kimberly A. Borger, Monroe County Probation Dept., dated March 17, 2011 (Dkt. 10-1).

The BOP initially calculated Petitioner's 70-month sentence as commencing on February 2, 2009 (date of release from state custody). The BOP awarded him one day of prior custody credit for August 18, 2006. (Dkt. 6-2 at 3.)

Petitioner submitted a request to the BOP for *nunc pro tunc* designation of a state institution for service of his federal sentence for the 572 days from July 11, 2007, through February 1, 2009.  By letter dated November 23, 2009, the BOP asked Judge Vanaskie whether the court objected to nunc pro tunc designation of the state facility for service of Petitioner's federal sentence, pursuant to Barden v. Keohane, 921 F. 2d 476 (3d Cir. 1990).[1]  On December 10, 2009, Judge Vanaskie responded to the BOP that he does not recommend "that Eugene Ciraolo receive credit toward his federal sentence for the time spent in state custody."  (Dkt. 6-2 at 43.)  On January 26, 2010, the BOP denied Petitioner's request for *nunc pro tunc* designation.[2]  (Dkt. 6-2 at 46.)  Petitioner appealed to the Regional Director, who denied the appeal.  On February 17, 2010, Harrell Watts, National Inmate Appeals Administrator, issued a final decision denying Petitioner's request for retroactive *nunc pro tunc* designation as follows, in relevant part:

> [A]s a result of the decision in Barden v. Keohane, the Bureau considers an inmate's request for prior custody credit for time

---

[1] Although the letter informs Judge Vanaskie of the state sentence, the letter does not indicate that the state court ordered the state sentence to run concurrently with the federal sentence.

[2] Although the decision refers to the February 2, 2009, Pennsylvania sentence, the decision does not reflect that the state judge ordered the sentence to run concurrently with the federal sentence.  (Dkt. 6-2 at 46.)

> spent in state custody, as a request for a *nunc pro tunc* designation. In accordance with Program Statement 3160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system.
>
> We have reviewed your appeal in accordance with the factors provided in 18 U.S.C. § 3621(b). In your case, we have determined the relevant factors under 18 U.S.C. § 3621(b) are (2), (3), and (4). Under factor (2), your federal offense is Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 500 Grams of Cocaine and Marijuana.
>
> Under factor (3), your record indicates you have an adult criminal conviction for 9 month and 13-days to a 21 month term for Unlawful Contact and Communication with a Minor-Sexual Offenses Probation Violation. In addition, while you were in federal custody, you received incident report for unauthorized item.
>
> Under factor (4), the federal J&C was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. The federal sentencing court opposes granting your request for a concurrent sentence.
>
> Based on the foregoing, we have determined that a *nunc pro tunc* designation is not appropriate in your case.

(Dkt. 6-1 at 18-19.)

Petitioner filed the § 2241 Petition presently before this Court on February 23, 2010. (Dkt. 1 at 11.) The Clerk received it on March 11, 2010. The Petition challenges the BOP's failure to grant prior custody credit from July 11, 2007, through February 2, 2009 (572 days), pursuant to 18 U.S.C.A. § 3585(b) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971), and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

After Respondents filed an Answer, this Court appointed the Federal Public Defender for the District of New Jersey to represent Petitioner and to file a supplemental reply focusing on whether the BOP erred and/or abused its discretion by denying Petitioner prior custody credit for the 572-day period from July 11, 2007 (date of state arrest), to February 1, 2009 (day before commencement of federal sentence).

Petitioner argued in the Supplemental Reply: (1) because the 284 days from April 24, 2008, to February 2, 2009, was not credited against Petitioner's Pennsylvania sentence, 18 U.S.C. § 3585(b) required the BOP to credit this 284 days against his federal sentence; (2) the BOP abused its discretion in denying Petitioner's request for a *nunc pro tunc* designation for the 288 days from July 11, 2007 (date of state arrest) and April 23, 2008 (day before imposition of federal sentence) because it failed to acknowledge that the Pennsylvania judge ordered the 288-day Pennsylvania sentence (from July 11, 2007, through April 23,

6

2008) to run concurrently with the federal sentence; and (3) the BOP's denial of Petitioner's request for a *nunc pro tunc* designation violates the Fifth and Sixth Amendments and comity.

In the Supplemental Answer, Respondents advised this Court that on April 25, 2011, the BOP awarded Petitioner prior custody credit, pursuant to § 3585(b), for the 284 days between April 24, 2008 (date federal sentence was imposed), and February 2, 2009 (date of release to federal authorities), since this time was not credited to the state sentence which ran from July 11, 2007, through April 23, 2008.  (Dkt. 12 at 2.)  However, Respondents argue that the BOP did not abuse its discretion in denying *nunc pro tunc* designation under Barden and Willis for the 288 days credited to the Pennsylvania sentence.

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter

jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition.  See Blood v. Bledsoe, 648 F. 3d 203 (3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Barden v. Keohane, 921 F. 2d 476, 478-79 (3d Cir. 1991.

B.  Standard of Review

Insofar as the BOP reviewed Petitioner's request for *nunc pro tunc* designation, this Court's review is limited to the abuse of discretion standard.  See Galloway v. Warden of FCI Fort Dix, 385 Fed. App'x 59, 61 (3d Cir. 2010); Barden, 921 F. 2d at 478.  Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency,

and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

C. Analysis

The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b). Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a

9

> term of imprisonment for any time he has
> spent in official detention prior to the date
> the sentence commences–
>
> (1) as a result of the offense for which the
> sentence was imposed; or
>
> (2) as a result of any other charge for which
> the defendant was arrested after the
> commission of the offense for which the
> sentence was imposed;
>
> that has not been credited against another
> sentence.

18 U.S.C.A. § 3585 (a), (b).

Section 3621(b) gives the BOP the authority to designate the place of imprisonment once a federal sentence commences:

> (b) **Place of imprisonment**.-- The Bureau of Prisons
> shall designate the place of the prisoner's
> imprisonment. The Bureau may designate any available
> penal or correctional facility that meets minimum
> standards of health and habitability. . . . , that the
> Bureau determines to be appropriate and suitable,
> considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the
> sentence [that articulated the purpose behind the
> sentence or offered a recommendation for placement]
> . . .
> (5) any pertinent policy statement issued by the
> Sentencing Commission pursuant to section 994(a)(2) of
> title 28.

18 U.S.C. § 3621(b).

In Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Willis filed a § 2241 petition seeking credit on his federal sentence for time spent in state custody prior to imposition of the federal sentence.  Federal authorities arrested Willis and released him on bail; on October 31, 1968, state authorities arrested him on state charges; federal authorities revoked bail and lodged a detainer, which allegedly precluded release on bail by the state; on November 29, 1968, the district court imposed the federal sentence; on December 10, 1968, the state imposed a sentence to run concurrently with the federal sentence; on December 31, 1968, the state released Willis to federal custody. Willis sought double credit for the time between his state arrest (October 31, 1968) and the date on which the state released him to federal custody (December 31, 1968).  The Fifth Circuit ruled: (1) Willis was not entitled to federal credit for the period from December 10 through 30 because he was serving his state sentence during that time, but (2) if Willis "'was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time 'spent in custody in connection with the (federal) offense,' (18 U.S.C. § 3568) since the detainer was issued upon authority of the appellant's federal conviction and sentence.'"  Willis v. United States, 438 F.2d at 925 (citing Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970)).

Here, the BOP did not abuse its discretion in determining that Ciraolo is not entitled to credit against his federal sentence under Willis for the time spent subject to a federal detainer. Subsequent to Willis, the Third Circuit determined that Willis is limited by § 3585(b), since § 3568 was superseded by the Sentencing Reform Act of 1984 and recodified at § 3585(b), and under § 3585(b), time served on a federal detainer does not qualify as federal prior custody credit if that time has been credited against another sentence. See Mills v. Quintana, 2010 WL 5027166 (3d Cir. Dec. 10, 2010); Vega, 493 F. 3d at 314; Rios v. Wiley, 201 F. 3d 257, 272 (3d Cir. 2000). In any event, Willis credit would not help Ciraolo at this point, since federal authorities did not lodge the detainer until May 5, 2008, and the BOP has already given him credit under § 3585(b) for the 284 days from April 24, 2008, to February 1, 2009.

The final question is whether the BOP abused its discretion under Barden to grant credit for the 288 days credited to Ciraolo's state sentence, where the entire 288-day sentence was served *before* imposition of the federal sentence. In Barden, the state arrested Barden on April 28, 1975; on October 21, 1975, the federal court imposed a 20-year sentence; on November 12, 1975, the state court imposed a sentence of 11 to 30 years to run concurrently with the federal sentence; on December 15, 1986, the state paroled Barden to federal officials; and on February 12,

1987, Barden arrived at the federal facility. See Barden, 921 F. 2d at 478. The BOP denied Barden's request for double credit to effectuate the intention of the state court that the state sentence would run concurrently with the federal sentence, on the ground that it lacked the statutory authority to *nunc pro tunc* designate the place of confinement as the state facility. The Third Circuit granted Barden a writ of habeas corpus and remanded to the BOP because the BOP mistakenly failed to recognize its discretion to designate a state facility under 18 U.S.C. § 3621(b) nunc pro tunc as a place of federal confinement where the inmate could gain credit against his federal sentence for time which the state court ordered to run concurrently with the federal sentence. The Third Circuit explained its reasoning:

> We agree with Barden that the federal government has the statutory authority to make the *nunc pro tunc* designation Barden desires. On this record, Barden is entitled to a writ of habeas corpus to compel the Bureau to consider his case. We do not pass upon Barden's contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has in acting on his request. Instead, we hold only that the federal authorities have an obligation . . . to look at Barden's case and exercise the discretion [18 U.S.C. § 3621(b)] grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*. The answer to that question will depend on the Bureau's practice in making such designations, as well as its assessment of Barden's conduct in custody, the nature of his crime and all the other factors that

13

> govern penal authorities' consideration of a
> prisoner's request for relief from the strict
> enforcement of his sentence.

Barden, 921 F. 3d at 478 (footnote omitted).

In a footnote, the Third Circuit defined *nunc pro tunc*:

> The Latin phrase *nunc pro tunc* describes a
> doctrine that permits acts to be done after
> the time they should have been done with a
> retroactive effect - a Latin term meaning
> literally, "now for then."  An act *nunc pro
> tunc* is an "entry made now of something
> actually previously done to have effect of
> former date, [previously] omitted through
> inadvertence or mistake." Black's Law
> Dictionary at 964 (5th ed. 1979).

Barden, 921 F. 3d at 478 n.2.

"In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Blood, supra, at ___.  Under § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a). Here, the BOP determined that Ciraolo's federal sentence commenced on February 2, 2009, the date he was taken into federal custody when he was released by Pennsylvania.  See 18 U.S.C. § 3585(a).  The BOP has now properly determined that, because the 284 days from April 24, 2008 (date of imposition of the federal sentence), through February 1, 2009 (day before commencement of

federal sentence), was not credited against Ciraolo's state sentence, § 3585(b) required the BOP grant this time as prior custody credit against Ciraolo's federal sentence.  However, because the 288 days in custody from July 11, 2007 (state arrest date) through April 23, 2008, was credited against Ciraolo's state sentence, the BOP determined that § 3585(b) does not permit it to grant credit against the federal sentence.

The dispute focuses on whether the BOP abused its discretion under the holding of Barden in denying credit against the federal sentence for the 288 days credited against the state sentence, where the state court ordered the state sentence to run concurrently with the federal sentence.  This Court notes that Barden itself did not distinguish between prior custody credit for time served *before* imposition of the federal sentence and *after* imposition of the federal sentence.  However, cases decided after Barden show that the date of imposition of the federal sentence is critical in calculating Barden credit.

In United States v. Wilson, 503 U.S. 329, 333 (1992), decided two years after Barden, the Supreme Court noted that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"  Similarly, in Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for

15

time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial. Id. at 274 ("[A]s the BOP correctly argues, the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner"). The BOP, with the approval of the Third Circuit, has harmonized Barden and § 3585(b) by deeming the federal sentence to commence on the date of imposition, and effecting concurrency by *nunc pro tunc* designating the state facility as the place for service of a federal sentence from that date forward. Thus, by commencing the federal sentence on the date it was imposed (rather than the date on which the state physically released the inmate) and *nunc pro tunc* designating the state facility as the place of imprisonment from that day forward, the BOP effects concurrency of the federal and state sentences to the extent possible, given that § 3685(b) prohibits it from granting double credit for time served *before* commencement of the federal sentence.

    For example, in Rashid v. Quintana, 372 Fed. App'x 260 (3d Cir. 2010), Rashid filed a § 2241 petition seeking credit under Barden against his federal sentence for the time he spent in state custody from the date of his state arrest (May 25, 1999)

16

through the day before imposition of the federal sentence (October 22, 2000), arguing that the state court had ordered the state sentence to run concurrently with the federal sentence. The Third Circuit affirmed dismissal of the § 2241 petition challenging the refusal to designate the state facility for time served prior to imposition of the federal sentence on the rationale that "a federal sentence cannot begin to run earlier than on the date on which it is imposed." Rashid, 372 Fed. App'x at 262.[3] Because the federal sentence could not commence under § 3584(a) before it was imposed, and because § 3585(b) prohibits double credit through a *nunc pro tunc* designation for time served *prior to commencement* of the federal sentence where that was credited against a state sentence, the court determined that the BOP lacked the power to count this time against Rashid's federal sentence. As the Third Circuit explained,

> Rashid's federal sentence was properly calculated as commencing on the date it was imposed. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. See 18 U.S.C. § 3585(a) . . . . As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed . . . . The BOP could not commence

---

[3] See also Blood, supra, at ___ ("In no case can a federal sentence of imprisonment commence [in accordance with § 3585(a)] earlier than the date on which it is imposed") (quoting BOP Program Statement 5880.28, Sentence Computation Manual (July 20, 1999), available at http://www.bop/gov/policy/progstat/ 5880_028.pdf, at 1-13.

17

> Rashid's federal sentence prior to [its imposition] on October 23, 2000.
>
> Finally, Rashid is not entitled to any [prior custody] credit against his federal sentence for the time spent in official detention prior to October 23, 2000, because 18 U.S.C. § 3585(b) prohibits this double credit.

Rashid, 372 Fed. App'x at 262 (citations omitted).

Similarly, in DeJesus v. Zenk, 374 Fed. App'x 245, 247 (3d Cir. 2010), the Third Circuit also affirmed dismissal of the § 2241 petition seeking credit for time prior to imposition of the federal sentence where this time was credited to the state sentence. The Third Circuit explained that, where a state sentence is imposed to run concurrently,

> the BOP will deem the federal sentence to commence on the date imposed, see 18 U.S.C. § 3585(a), and it will designate the state institution as the place for service of the federal sentence [from that date forward]. See 18 U.S.C. § 3621(b). The BOP properly followed that course here and began DeJesus' federal sentence on its date of imposition, thereby allowing him to serve the state and federal sentences concurrently from [the date of imposition of the federal sentence] forward. But De Jesus was not entitled to credit for time served in state custody prior to imposition of the federal sentence [because] all of DeJesus' time served prior to imposition of the federal sentence was credited to his state sentence. Under 18 U.S.C. § 3585(b), the BOP may not grant prior custody credit for time credited to another sentence.

DeJesus, 374 Fed. App'x at 247.

In this case, Barden does not apply.  Because Ciraolo's state sentence ended on April 23, 2008, the day before imposition of the federal sentence on April 24, 2008, there was no state sentence that could run concurrently after imposition of the federal sentence.  This Court finds that the BOP properly granted prior custody credit for the 284 days between April 24, 2008, and February 2, 2009, since this time was not credited against the state sentence, and the BOP did not abuse its discretion in denying prior custody credit for time served prior to imposition of the federal sentence on April 24, 2008, since this time was credited against the state sentence.  This Court will accordingly dismiss the Petition.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: September 15, 2011